IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD KYLE REEVES, #255 472, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-1062-TMH |
| ) | [WO] |
| WARDEN JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs Alabama, files this complaint pursuant to 42 U.S.C. § 1983. He seeks damages and injunctive relief against Warden Jones, Captain Jenkins, and Officer Blakely. In accordance with the orders of the court, Plaintiff filed an amendment to his complaint on February 14, 2012. In the complaint, as amended, Plaintiff claims that defendants have denied him access to the courts, subjected him to unconstitutional conditions of confinement, failed to personally evaluate his mental competency during disciplinary proceedings, and subjected him to excessive force. Upon review of the complaint, the court concludes that Plaintiff's claims concerning access to courts, conditions of confinement, and disciplinary proceedings are due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

### *A. Access to Courts*

Plaintiff complains that Defendants are denying him access to the courts because he is only allowed access to the law library once a week. Plaintiff claims this is an insufficient amount of time to do research. (*Doc. No. 1*.)

In order to state an access-to-courts claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Lewis v. Casey,* 518 U.S. 343, 356 (1996) (citing *Bounds,* 430 U.S. at 828). The Supreme Court explained in *Bounds* that "[t]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate legal assistance from persons trained in the law." *Bounds,* 430 U.S. at 838 (emphasis supplied). However, the prisoner's contentions of deprivation of access to the courts must show actual prejudice or harm as a "constitutional prerequisite." *Lewis,* 518 U.S. at 351; *see also Chandler v. Baird,* 926 F.2d 1057, 1063 (11th Cir. 1991) ( "both policy and the prevailing state of the law require an inmate to articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action"). Without a showing that the lack of access frustrated efforts to pursue a non-frivolous legal claim, an inmate has no standing to challenge the policy or practice in question. *Lewis,* 518 U.S. at 352-54; *Bass v.*

*Singletary,* 143 F.3d 1442, 1444 (11th Cir. 1998). Further, the right of access to the courts does not extend to any and all legal claims, only to those in which an inmate can demonstrate actual injury from an inability to challenge specific non-frivolous legal claims relating to the fact or condition of a prisoner's confinement. *Lewis,* 518 U.S. at 355; *see also Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998).

Here, Plaintiff alleges no facts to suggest how the conduct or actions of Defendants so hindered his efforts to pursue a non-frivolous legal claim to such a degree that he experienced adverse consequences or an *actual* injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegation regarding the frequency of his ability to physically access the law library fails to articulate any "actual injury" accruing to him, it is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## B. The Conditions Claim

Plaintiff complains that the lights in the prison dormitories stay on continuously, making it difficult for him to sleep. He acknowledges, however, that the lights cannot be completely turned off because it would be too dark (causing obvious security and safety issues) and that some lights have been disconnected. (*Doc. No. 1.*)

A prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry.

-3-

*Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

Plaintiff's desire for more subdued lighting in the prison dormitories at night constitutes merely a discomfort. It is not, however, the type of extreme deprivation that can be described as cruel and unusual punishment. Thus, instead of his claim rising to the level of a constitutional violation, Plaintiff's claim describes a standard aspect of prison life which, at most, results in a minor inconvenience or discomfort to him. Because the deprivation about which Plaintiff complains is not sufficiently serious to rise to the level of a constitutional violation, his conditions claims is due to be dismissed as frivolous. *See Neitzke v. Williams*, 419 U.S. 390 (1989); 28 U.S.C. § 1915(e)(2)(B)(I).

*C.  The Disciplinary Claim*

Plaintiff contends that on those occasions when he is subjected to disciplinary action, prison officials fail to personally evaluate his mental competency to participate in the disciplinary proceedings.  Rather, Plaintiff claims that prison staff fill out the mental competency evaluation form without consulting him first to determine whether he is really incompetent or whether there were mental health issues involved in the incident leading to issuance of the disciplinary infraction.  (*Doc. No. 1*.)

An essential element of a complaint filed under § 1983 is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981).  While a violation of a state or federally-created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally-mandated procedures is a violation of the Constitution.  *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982); *Brown v. Dodson,* 863 F. Supp. 284 (W.D. Va. 1994).  Also, not every deviation from an agency's rules violates of the Constitution.  *Smith v. State of Georgia*, 684 F.2d 729 (11th Cir. 1982); *see also Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).  Proof of denial of due process arising out of administrative proceedings requires a showing of substantial prejudice which implicates fundamental fairness.  *Ka Fung Chan v. Immigration & Naturalization Service*,  634 F.2d 248 (5th Cir. 1981); *N.L.R.B. v. Webb Ford, Inc*., 689 F.2d 733 (7th Cir.

1982).

Here, Plaintiff fails to allege much less indicate that he has been substantially prejudiced by the matters about which he complains. Moreover, with the narrowing of prisoner due process protection set out in *Sandin v. Conner*, 515 U.S. 472 (1995), Plaintiff's claim that prison officials fail to consult with him prior to making a determination about his mental competency to participate in his own disciplinary proceedings, without more, simply does state a claim of constitutional magnitude. *Id.*; *see also, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Baker v. McCollan*, 433 U.S. 137, 146 (1979).

### D. The Excessive Force Claim

Plaintiff alleges that Defendant Blakely subjected him to an unnecessary use of force on November 5, 2011. According to the complaint, as amended, Defendant Blakely was angered by Plaintiff when Plaintiff, who was talking to another officer, apparently did not hear something Defendant Blakely said to him. As a result, Plaintiff claims that Defendant Blakely escorted him to the shower room where he then choked the inmate and threw him to the ground. At this stage of the proceedings, the court finds this allegation of excessive force is arguably sufficient to withstand the court's review under § 1915(e)(2)(B). *See Wilkins v. Gaddy,* ___ U.S. ___, 130 S.Ct. 1175, 1178–79, 175 L.Ed.2d 995 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune of escaping without serious injury.").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's access to courts, conditions of confinement, and disciplinary proceeding claims against Defendants Jones, Jenkins, and Blakely be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's complaint against Defendants Jones and Jenkins be DISMISSED with prejudice;

3. Defendants Jones and Jenkins be DISMISSED as parties to the complaint; and

4. Plaintiff's excessive force claim against Defendant Blakely be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before April 3, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of March, 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE